# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| McKeon Products, Inc., | Case No. _____ |
| Plaintiff, | Hon. _____ |
| | Mag. Judge _____ |
| vs. | **JURY TRIAL DEMANDED** |
| Akervall Technologies, Inc., | |
| Defendant. | |

## COMPLAINT

Plaintiff, McKeon Products, Inc. ("McKeon" or "Plaintiff") by and through its undersigned counsel, sets forth the following allegations against Defendant, Akervall Technologies, Inc. ("Akervall" or "Defendant") as follows:

## NATURE OF THE ACTION

1. This is a declaratory judgement action seeking declaration that McKeon does not infringe U.S. Patent No. 10,945,874 (hereinafter the "'874 Patent"), that Akervall does not have common law trade dress rights in its product, or, in the alternative, that McKeon does not infringe Akervall's alleged common law trade dress rights in its product. Akervall alleges it owns the '874 Patent. A true and correct copy of the '874 Patent is attached hereto as Exhibit A.

39754548.2

## THE PARTIES

2. McKeon is a corporation organized and existing under the laws of the State of Michigan, having principal place of business located at 25460 Guenther, Warren MI, 48091.

3. Upon information and belief, Akervall is a corporation organized and existing under the laws of the State of Michigan, having a principal place of business located at 1512 Woodland Drive, Saline MI, 48176.

## JURISDICTION AND VENUE

4. This Complaint arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, the Lantham Act 15 U.S.C. § 1051 *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, based upon an actual controversy between the parties as to McKeon's non-infringement of the '874 Patent, the validity of McKeon's trade dress rights, and McKeon's non-infringement of Akervall's alleged common law trade dress rights. This Court has subject matter jurisdiction over the causes of action in this Complaint pursuant to 28 U.S.C. §§ 1331, 1338, and 15 U.S.C. § 1125(a).

5. This Court has personal jurisdiction over Defendant because it is a corporation organized and existing pursuant to laws of the State of Michigan, and because it has a principal place of business in the State of Michigan.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b), because Defendant resides in this District.

## FACTUAL BACKGROUND

7. Since 1962, McKeon has committed to supplying high quality sleep aids, hearing protection, and swimmer's ear prevention products. McKeon makes products under Mack's® brand products. Among McKeon's products is the LunaGuard® dental guard ("LunaGuard® product"), which is used to protect teeth and reduce damage caused by bruxism—or nighttime grinding.

8. Akervall makes and sells SOVA® Aero Night Guards ("SOVA® product"). McKeon and Akervall (the "Parties") entered into a Supplier Agreement in 2014. Under the Supplier Agreement, McKeon was the exclusive private label distributor of the SOVA® product within the United States in the fields of retail food, drugstores and their online drug stores, mass merchant outlets including wholesalers supplying the merchant outlets, and independent on-line drug stores (the "Exclusive Field").

9. The Supplier Agreement stated that the Parties would retain sole and exclusive ownership of their respective intellectual property rights.

10. McKeon began selling its LunaGuard® product in March 2015.

11. The Supplier Agreement terminated in 2017.

12. On March 10, 2021, Akervall, through its counsel, sent a cease and desist letter to McKeon, alleging that McKeon attempted to remarket the SOVA® product under the LunaGuard® label. Akervall further alleged that McKeon misappropriated the SOVA® product design, and such alleged misappropriation violated confidentiality provisions of the Supplier Agreement.

13. Akervall further alleged that the LunaGuard® product and the SOVA® product are similar, and therefore confusion in the marketplace is allegedly likely to occur.

14. Akervall also alleged that McKeon's statements made in connection with its Section 510(k) premarket notification intent to market the LunaGuard® product ("510(k) notification"), support Akervall's allegations of intellectual property infringement and misappropriation.

15. Akervall also asserted rights in a pending patent application related to mouth guard technology.

16. On March 18, 2021, McKeon, through its counsel, responded to Akervall's March 10, 2021 cease and desist letter, denying its various allegations.

17. McKeon informed Akervall that because Akervall's SOVA® product was publically available before McKeon began development of, or commercially released its LunaGuard® product, the SOVA® product design cannot be subject to the confidentiality provision of the Supplier Agreement.

39754548.2

18. McKeon also informed Akervall that even if its SOVA® product design was subject to the confidentiality provision, McKeon had no obligations under the Supplier Agreement after its termination in 2017.

19. McKeon also identified legal authority holding that comments made in connection with a 510(k) notification are not admissions of misappropriation or intellectual property infringement.

20. On June 2, 2021, Akervall, through its counsel, responded to McKeon's March 18, 2021 letter.

21. Akervall informed McKeon that the United States Patent and Trademark Office (USPTO) issued the '874 Patent, and alleged that McKeon's LunaGuard® product infringes the '874 Patent.

22. Along with its June 2, 2021 letter, Akervall provided a copy of the '874 Patent, and a claim chart purportedly showing how the LunaGuard® product infringes claims 1-9, 12, 14, and 16-18.

23. Akervall further alleged that McKeon copied its SOVA® product design.

24. Akervall demanded that McKeon cease using Akervall's alleged "proprietary designs," and cease all production, promotion, marketing, sales and distribution of the LunaGuard® product.

25. Based on Akervall's June 2, 2021 letter alleging infringement of the '874 patent, and infringement of Akervall's alleged common law trade dress rights, there is an actual, substantial, and justiciable controversy between McKeon and Akervall. McKeon and Akervall have adverse legal interests with respect to the question of infringement of the '874 Patent, and with respect to the validity and infringement of Akervall's alleged common law trade dress rights.

## COUNT I
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### (Non-infringement of '874 Patent)

26. McKeon realleges and incorporates by reference each allegation contained in paragraphs 1 through 25 as if fully set forth herein.

27. Akervall has alleged, and continues to allege, that McKeon's LunaGuard® product infringes claims 1-9, 12, 14, and 16-18 of the '874 Patent. And, Akervall has provided claim charts specifying the alleged infringement of the aforementioned claims.

28. McKeon has not infringed, and does not infringe any claim of the '874 Patent by making, using, selling, and/or offering to sell the LunaGuard® product.

29. For example, the LunaGuard® product does not infringe, at least, claim 1 of the '874 patent because the LunaGuard® product fails to meet at least,

the limitation "wherein said first and second plurality of perforations are arranged symmetrically about the line of symmetry."

30. An actual, substantial, and justiciable controversy exists between Akervall and McKeon as to whether the LunaGuard® product infringes the '874 Patent.

31. This controversy is of sufficient immediacy and reality to warrant issuance of a declaratory judgement. A judicial declaration is necessary and appropriate so that McKeon may ascertain its rights regarding the '874 Patent.

32. McKeon seeks a judgment under 28 U.S.C. § 2201 declaring that it does not infringe, under 35 U.S.C. § 271, claims 1-9, 12, 14, and 16-18 of the '874 Patent.

## COUNT II
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### (Non-Infringement of Trade Dress)

33. McKeon realleges and incorporates by reference each allegation contained in paragraphs 1 through 32 as if fully set forth herein.

34. Akervall alleged that the product design for McKeon's LunaGuard® is confusingly similar to the product design of Akervall's SOVA® product.

35. Akervall does not appear to have any registered trade dress in the SOVA® product design.

7

36. Akervall has not provided any information to date demonstrating valid trade dress rights in its SOVA® product.

37. Akervall alleges that the SOVA® product is covered by the '874 Patent.

38. The '874 Patent purportedly covers functional, utilitarian features of a mouth guard.

39. To the extent that the '874 Patent covers the SOVA® product, the existence of a utility patent covering the SOVA® product demonstrates that the design of the SOVA® product is functional and utilitarian and, thus, not entitled to trade dress protection.

40. Even if it is determined that Akervall has common law trade dress rights in its SOVA® product, McKeon has not infringed, and does not infringe Akervall's alleged common law trade dress rights in the State of Michigan, or anywhere else in the United States.

41. The Supplier Agreement expressly provided that the Parties would retain sole and exclusive ownership of their respective intellectual property rights.

42. McKeon has been selling its LunaGuard® product since March 2015, and the LunaGuard® product has acquired significant goodwill during that time.

43. Thus, to the extent that consumer's within the Exclusive Field have a perception of the design of the LunaGuard® product, it comes from McKeon and the goodwill McKeon has established over the past six years.

44. McKeon's use in commerce of its LunaGuard® product does not cause a likelihood of confusion in the marketplace.

45. An actual, substantial, and justiciable controversy exists between Akervall and McKeon as to whether: 1) Akervall has common law trade dress rights in its SOVA® Products, and 2) the LunaGuard® product infringes Akervall's alleged common law trade dress rights.

46. This controversy is of sufficient immediacy and reality to warrant issuance of a declaratory judgement. A judicial declaration is necessary and appropriate so that McKeon may ascertain its rights regarding Akervall's alleged common law trade dress rights.

47. McKeon seeks a judgment under 28 U.S.C. § 2201 declaring that Akervall does not have protectable trade dress rights in its SOVA® products.

48. If the Court finds that Akervall has protectable trade dress rights in its SOVA® products, McKeon seeks a judgment under 28 U.S.C. § 2201 declaring that it does not infringe Akervall's rights under 15 U.S.C. § 1125(a).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff McKeon respectfully prays for relief against Defendant Akervall as follows:

A. For declaration that McKeon has not infringed, and is not infringing claims 1-9, 12, 14, and 16-18 of the '874 Patent by making, using, selling, and/or offering to sell its LunaGuard® product;

B. Enjoin Akervall, its assigns, and all those in privity therewith from asserting any claims of the '874 Patent against McKeon and/or the LunaGuard® product;

C. Enjoin Akervall, its assigns, and all those in privity therewith from asserting any claims of the '874 Patent against McKeon's customers, distributors, and/or suppliers with respect to the LunaGuard® product;

D. For declaration that Akervall does not have common law trade dress rights in its SOVA® product; and in the alternative, that McKeon's LunaGuard® product does not infringe Akervall's common law trade dress rights;

E. Find this case exceptional under 35 U.S.C. § 285 and 15 U.S.C. § 1117, and award McKeon costs, attorney's fees, and expenses; and

F. Such other relief as the Court considers proper.

## JURY DEMAND

McKeon demands a trial by jury of all issues so triable.

| | |
|---|---|
| Dated:  July 6, 2021 | By: /s/*J. Michael Huget*<br>HONIGMAN LLP<br>J. Michael Huget (P39150)<br>315 East Eisenhower Parkway<br>Suite 100<br>Ann Arbor, MI 48108<br>Tel:  (734) 418-4254<br>Fax:  (734) 418-4201<br>mhuget@honigman.com<br><br>Scott Barnett (P82673)<br>39400 Woodward Avenue<br>Suite 101<br>Bloomfield Hills, MI 48034<br>Tel:  (248) 566-8416<br>Fax:  (248) 566-8417<br>sbarnett@honigman.com<br><br>*Attorneys for Plaintiff, McKeon Products, Inc.* |